[No. A023807. First Dist., Div. One. Jan. 30, 1986.]

WAYNE L. FREDERICK et al., Plaintiffs and Appellants, v.
COUNTY OF SONOMA et al., Defendants and Respondents.

COUNSEL

John A. Klein and Margaret K. Butler for Plaintiffs and Appellants.

James P. Botz, County Counsel, and Mark J. Freed, Chief Deputy Counsel, for Defendants and Respondents.

OPINION

**ELKINGTON, Acting P. J.**—Plaintiffs Wayne L. Frederick and Darlene Frederick appeal from a judgment of the Sonoma County Superior Court denying them relief from an adverse decision of the county's assessment appeals board (hereafter Board).

Plaintiffs Frederick were the owners of a Sonoma County home. Believing it to have been improperly assessed for real property taxation for the years 1977-1978 and 1978-1979, and fearful of such continued assessments, they commenced an action "for refund of taxes illegally assessed and collected . . . and for declaratory relief and a writ of mandate."

██ The issue before the Board and later at the trial concerned the interpretation of certain language of the state's Constitution, article XIII A, the so-called Proposition 13 adopted by the People June 6, 1978. Article XIII A, as here relevant, provides:

"Section 1. (a) The maximum amount of any ad valorem tax on real property shall not exceed one percent (1%) of the full cash value of such property. . . .

"Section 2. (a) The full cash value means the county assessor's valuation of real property as shown on the 1975-76 tax bill under 'full cash value' or, thereafter, the *appraised value of real property when . . . newly constructed. . . .*" (The italics are ours.)

We discern no substantial controversy in the evidence before the Board. We relate the relevant facts.

Plaintiff Wayne Frederick, adept in the construction of homes, was married and the father of children. Prior to 1975, he purchased a building lot and commenced construction of a home upon it. On the assessment date of the 1975-1976 tax bill, although the home was about 85 to 95 percent com-

pleted, he and his family had moved into it and it became their residence. And he thereafter continued his work upon the home.

It was, as noted, June 6, 1978, when article XIII A was adopted. The county taxing authorities, interpreting the constitutional amendment as *not* applying to real property improvements, the construction of which was not *complete* as of the 1975-1976 tax assessment date, assessed plaintiffs' home accordingly. As a result plaintiffs claimed they had paid excessive taxes for 1977-1978 of $337.26, and for 1978-1979 of $369.74. The complaint was taken to the Board which, finding the construction of the home to have been but 90 percent complete on the 1975-1976 tax assessment date, ruled that article XIII A was inapplicable to plaintiffs' home, and denied them the requested relief. It was the ruling on the 1977-1978 and 1978-1979 taxes which is the subject of the instant action and appeal.

At the superior court trial plaintiffs argued that the county *improperly* "took the position that the home was 'under construction' because it had never been completed and continued to assess the property under [each yearly] lien date afterward." The superior court, however, without findings or statement of reasons, denied plaintiffs the requested relief. The court had apparently accepted the Board's interpretation of article XIII A.

Following the trial and pending this appeal the case of *Pope v. State Bd. of Equalization* (1983) 146 Cal.App.3d 1132 [194 Cal.Rptr. 883], was decided. It held (*passim*) that under article XIII A, the *date of completion* of new construction is "the date the property or portion thereof is available for use." And the court rejected the argument that where a building is finally completed after the date of the 1975-1976 tax assessment "the *entire improvement* should be reappraised [each year] at its *then* current market value," as has been here contended by the Board.

*Pope* is persuasive, and we think it correctly states the law. Its holdings are accepted. It follows that the Board and the superior court erred.

We need not determine the issue whether the superior court was in its determination, bound by the "substantial evidence" criterion, or that of its "independent judgment." The evidence being substantially uncontroverted, the trial court erred in its adjudication.

We are of the opinion that it would best serve the interest of justice to cause the matter to be remanded to the Board for reconsideration in the light of *Pope v. State Bd. of Equalization, supra,* 146 Cal.App.3d 1132, and otherwise in accordance with law and the views we have here expressed.

The judgment is reversed; the superior court will remand the cause to the Sonoma County Assessment Appeals Board for reconsideration in the light of *Pope* v. *State Bd. of Equalization, supra,* and otherwise in accordance with law and the views we have here expressed.

Newsom, J., and Holmdahl, J., concurred.